1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Hirut Million Tadesse, et al.,                    No. CV-13-02440-PHX-NVW

10                        Plaintiffs,                   **ORDER**

11   v.

12   Tungland Corporation,

13                        Defendant.

14        Before the Court are Defendant's Motion to Dismiss Plaintiff Nebeyou Kone's

15   Title VII Claim (Doc. 28), Plaintiff's Response (Doc. 29) and Defendant's Reply (Doc.

16   31).   Defendant argues Kone's May 2, 2014, First Amended Complaint for

17   Compensatory and Punitive Damages and Injunctive Relief (Doc. 23), which for the first

18   time asserts a Title VII retaliation claim on Kone's behalf, is untimely because it was

19   filed more than 90 days after Kone received a "Right to Sue Letter" from the Equal

20   Employment Opportunity Commission.   Kone responds that his claim is not barred by

21   Title VII's statute of limitations because it relates back to the original Complaint for

22   Compensatory and Punitive Damages and Injunctive Relief (Doc. 1) filed on November

23   27, 2013, only five days after Kone received notice that the E.E.O.C. would not be

24   proceeding with his charge.

25        Defendant's Motion does not make clear pursuant to which rule it asks the Court

26   to dismiss Kone's claim.   Because the "requirement for filing a Title VII civil action

27   within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations,"

28   rather than a "jurisdictional prerequisite," *see Scholar v. Pac. Bell*, 963 F.2d 264, 267 &

1    n.3 (9th Cir. 1992), the Motion cannot be brought under Federal Rule of Civil Procedure

2    12(b)(1).  The Court therefore construes Defendant's Motion as one requesting dismissal

3    for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

4           "An amendment to a pleading relates back to the date of the original pleading

5    when … the amendment asserts a claim or defense that arose out of the conduct,

6    transaction, or occurrence set out--or attempted to be set out--in the original pleading."

7    Fed. R. Civ. P. 15(c)(1)(B).  Where this conduct-transaction-occurrence test is satisfied,

8    the party amending its pleading may "change[] the party or the naming of the party

9    against whom a claim is asserted" as long as the new party, within the time limits of Rule

10   4(m), "received such notice of the action that it will not be prejudiced in defending on the

11   merits" and "knew or should have known that the action would have been brought against

12   it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C).

13   "The Advisory Committee Note to the 1966 Amendment to Rule 15(c) observes that 'the

14   relation back of amendments changing plaintiffs is not expressly treated in revised Rule

15   15(c)'" but "goes on to comment that 'the attitude taken in revised Rule 15(c) toward

16   change of defendants extends by analogy to amendments changing plaintiffs.'"

17   *Immigrant Assistance Project of the L.A. Cnty. Fed'n of Labor v. INS*, 306 F.3d 842, 857

18   (9th Cir. 2002) (quoting Fed. R. Civ. P. 15(c) advisory committee's note).  Interpreting

19   this commentary, the Ninth Circuit has held that an "amendment adding a party plaintiff

20   relates back to the date of the original pleading only when: 1) the original complaint gave

21   the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the

22   relation back does not unfairly prejudice the defendant; and 3) there is an identity of

23   interests between the original and newly proposed plaintiff."  *Id.* (citing *Rosenbaum v.*

24   *Syntex Corp.*, 95 F.3d 922, 935 (9th Cir. 1996)).

25          Here, the events surrounding Kone's termination by Defendant undoubtedly

26   "arose out of the conduct, transaction, or occurrence" described in the original

27   Complaint.  Indeed, the paragraphs in the First Amended Complaint describing Kone's

28   termination are copied almost verbatim from the original Complaint.  Doc. 1 at 8-9; Doc.

1    23 at 8-9.   Kone's First Amended Complaint also easily meets the requirements of

2    *Immigrant Assistance Project*.   First, the original Complaint expressly put Defendant on

3    notice that Kone might later "seek leave of this Court to amend this Complaint to assert

4    an additional cause of action on behalf of Mr. Kone."   Doc. 1 at 3.   Second, where the

5    original and new plaintiffs are "similarly situated," the defendant suffers no prejudice

6    from the addition of that new plaintiff.   *See Immigrant Assistance Project*, 306 F.3d at

7    858.   Given the common factual allegations underlying their claims, Kone and Tadesse,

8    as husband and wife, are similarly situated.   *See also True Health Chiropractic Inc. v.*

9    *McKesson Corp.*, No. 13-cv-02219-JST, 2014 U.S. Dist. LEXIS 85961, at *7 (N.D. Cal.

10   June 23, 2014) (finding no prejudice to defendant because "the relief [the additional

11   plaintiff] seeks is the same as that sought by [the original plaintiff]," with the result that

12   defendant "will not be required to change its litigation strategy or conduct").   Third, since

13   Kone and Tadesse are "similarly situated," they also share an "identity of interests."   *See*

14   *Immigrant Assistance Project*, 306 F.3d at 858 (finding "the identity-of-interest

15   requirement of Rule 15(c) [i]s met because 'the circumstances giving rise to the claim

16   remained the same [under the amended complaint] as under the original complaint'"

17   (second brackets in original) (citing *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382,

18   384 (9th Cir. 1982))).

19        Kone therefore satisfies the requirements for amending a pleading to add a

20   plaintiff under Rule 15(c).   It is true that the caption to the original Complaint, as well as

21   its first sentence, list both Tadesse and Kone as plaintiffs.   Doc. 1 at 1.   But the

22   Complaint, read as a whole, clearly states a claim that only Tadesse, not Kone, could

23   bring.   The substance of the Complaint is concerned exclusively with alleged violations

24   of Tadesse's rights and with establishing the legal predicates required to justify awarding

25   her relief.   Indeed, Paragraph 4 of the Complaint declares that "this action is brought to

26   remedy Tungland's religious discrimination against *Ms. Tadesse*."   *Id.* at 2 (emphasis

27   added).   But when ruling on motions to dismiss, such as this one, courts "must liberally

28   construe the complaint in the light most favorable to the plaintiff."   *See Baughman v.*

- 3 -

1    *Roadrunner Commc'ns, LLC*, No. CV-12-565-PHX-SMM, 2013 U.S. Dist. LEXIS

2    114865, at *4 (D. Ariz. Aug. 13, 2013) (citing *Farm Credit Bank of Spokane v. Parsons*,

3    758 F. Supp. 1368, 1371 n.4 (D. Mont. 1990)).  It would frustrate this rule of construction

4    to hold that Kone is precluded from bringing his claim against Defendant merely because

5    the original Complaint twice refers to him as a plaintiff in a cursory manner.  *Cf.*

6    *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006) (observing that "a caption is not

7    determinative as to who is a party to a suit") (citing *Greenwood v. Ross*, 778 F.2d 448,

8    452 (8th Cir. 1985)).  As a result, Kone will be permitted to use Rule 15(c) to relate back

9    to the original Complaint.  Because the original Complaint was filed fewer than 90 days

10    after Kone received his "Right to Sue Letter" from the E.E.O.C., his Title VII cause of

11    action is timely.

12        IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff

13    Nebeyou Kone's Title VII Claim (Doc. 28) is denied.

14        Dated this 24th day of September, 2014.

Neil V. Wake
United States District Judge

- 4 -